IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In the Matter of:

CAROLIN MENDEZ TORRES
Debtor(s)

Case No. 19-06683 (EAG)

Chapter 13

OBJECTION TO CONFIRMATION OF PLAN DATED
DECEMBER 18, 2019 (DOCKET NO. 13)

TO THE HONORABLE COURT:

COMES NOW creditor POPULAR AUTO represented by the undersigned attorney, and hereby objects to the proposed Chapter 13 plan on the following grounds:

1. On November 14, 2019, the above-named debtor filed a Bankruptcy petition under Chapter 13 of Title 11 of the United States Code.

2. Popular Auto is a secured creditor of the above-named debtor pursuant to 11 U.S.C. §101(10) and therefore a party in interest in the instant proceeding.

3. On April 16, 2016, debtor subscribed with Reliable Auto, now Popular Auto, a Conditional Sales Contract, account no. XXXXX0001, regarding a 2016 Kia Sportage.

4. Popular Auto filed the corresponding claim for its secured debt in the amount of $17,946.03 on December 9, 2019 (proof of claim #1).

5. Debtor's Chapter 13 plan dated December 18, 2019, (docket #13), provides for the Trustee to pay in full Popular Auto's secured claim no. 1, but <u>fails to provide for adequate protection payments and evidence of insurance at maturity date.</u>

6. Section 1326(a)(1)(C) of the Bankruptcy Code, regarding adequate protection payments state as follows:

*Objection to Confirmation*
Case No. 19-06683 (EAG)
By: Popular Auto
January 15, 2020
Page No. 2

> "Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount-
>
> (A) proposed by the plan to the trustee;
>
> (B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and
>
> (C) <u>that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with the evidence of such payment, including the amount and date of payment.</u>" (emphasis added).

7. Section 361(1), 11 U.S.C. §361(1), regarding when adequate protection payments should be paid, states as follows:

> "When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –
>
> (1) <u>requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property</u>." (emphasis added).

8. Refer also to the Bankruptcy Court's General Order No. 05-08 issued on October 13th 2005, concerning the implementation of adequate protection payments under BAPCPA. As we mentioned before, debtor's amended plan does not provide for sufficient adequate protection payments to appearing creditor.

*Objection to Confirmation*
Case No. 19-06683 (EAG)
By: Popular Auto
January 15, 2020
Page No. 3

9. Popular Auto requests at least $180.00 in adequate protection monthly payments from the filing of the petition up till confirmation of the plan.

10. Furthermore, the plan does not provide evidence of insurance at maturity date. As per our records, the insurance coverage expires on April 16, 2022. Therefore, debtor needs to provide evidence of insurance to Popular Auto's claim from April 17, 2022.

11. Section 1325(a)(5) of the Bankruptcy Code,[1] 11 U.S.C. §1325(a)(5), clearly states that the plan <u>must provide for each secured claim and that the holder of such claim has accepted the plan</u>.

12. Popular Auto objects to the Chapter 13 plan dated December 18, 2019, since it does not comply with the requirements of §§§1325(a)(5), 1326(a)(1) and 361(1) of the Bankruptcy Code.

WHEREFORE, creditor Popular Auto, respectfully requests this Honorable Court to deny approval of the proposed amended plan for the reasons stated in the foregoing motion.

NOTICE IS HEREBY GIVEN THAT IF NO WRITTEN REPLY OR OPPOSITION IS FILED AND SERVED WITHIN SEVEN (7) DAYS FROM THE DAY OF SERVICE HEREOF, THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT HEREIN PURSUANT TO BANKRUTPCY LOCAL RULE 9013(a)

---

[1] As amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Public Law 109-8). Also, commonly known as BAPCPA.

*Objection to Confirmation*
Case No. 19-06683 (EAG)
By: Popular Auto
January 15, 2020
Page No. 4

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY: That on December 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: NORBERTO COLON ALVARADO, ESQ., Attorney for debtor; ALEJANDRO OLIVERAS RIVERA, ESQ., Chapter 13 Trustee.

Respectfully submitted in San Juan, Puerto Rico, this 15th day of January, 2019.

s/ VERONICA DURAN CASTILLO
VERONICA DURAN CASTILLO, ESQ.
USDC- PR 224413
Attorney for Popular Auto
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849; Fax. (787) 751-7827
Email: veronica.duran@popular.com